SUPREME COURT
COUNTY OF ONONDAGA
STATE OF NEW YORK

MICHAEL LAMAR
616 Dakin Street
Syracuse, NY 13224

**SUMMONS**

Plaintiff,

v.

HOME DEPOT
5814 Bridge Street
East Syracuse, NY 13057

Plaintiff designates
Onondaga County as the
place of trial.

The basis of the venue is
Plaintiff's residence.

Plaintiff resides in
Syracuse, NY.

Defendant,

To the above named Defendants:

**You are herby summoned** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete is this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 7, 2017

WOODRUFF LEE CARROLL, PC

Woodruff Lee Carroll, Esq.
441 South Salina Street, Suite 605
Syracuse, NY 13202
tel. 315-474-5356
fax 315-474-5451

SUPREME COURT
COUNTY OF ONONDAGA
STATE OF NEW YORK

MICHAEL LAMAR
616 DAKIN ST
SYRACUSE, NY 13224

V.

HOME DEPOT
5814 Bridge St
East Syracuse, N.Y. 13057

# COMPLAINT

Michael Lamar Through his attorney, Woodruff Lee Carroll P.C., alleges and complains of the Defendant as follows:

1. Michael Lamar is a resident of Onondaga County the incident alleged herein is located in Syracuse New York Onondaga County State of New York.

2. Home Depot is a business located in East Syracuse Onondaga County New York and was in control of the premises, lumber and rack upon which the lumber was placed when said lumber fell onto the Plaintiff on the date of March 2014.

3. Michael Lamar was shopping at the Home Depot in East Syracuse.

4. An assistant assisted him with obtaining lumber from a high rack upon which a was a pile of wood.

5. Said assistant removed a board and then threw said board unto the rack.

6. Whereupon all the lumber on the rack came down and hit the plaintiff on the head and shoulders.

7. Said lumber consisted of heavy, long boards and there was a lot of them.

8. Said Home Depot refused to call an ambulance.

9. Said boards were the proximate cause of injury to the Plaintiff and aggravated his pre existing injuries.

10. Said actions and inactions of the Defendant in retrieving, racking, stocking and restocking said and all other acts related to retrieving said lumber were negligent and below the standard of care.

11. Said actions and inactions were the proximate cause and a substantial aggravation of the injuries of the Plaintiff.

12. The injuries were a foreseeable result of the actions and in actions of the Defendant.

### RES IPSA LOQUITUR

13. The Plaintiff realleges paragraphs 1 to 12.

14. The negligence could not have occurred except for the negligence of Home Depot and its employees.

15. The lumber, rack and employee were within the exclusive control of the Defendant Home Depot.

16. The Plaintiff was completely without any fault in the incident and was not due to any voluntary action or complaint on the part of the plaintiff

17. The Plaintiff did not even touch said lumber or the rack.

18. At all relevant times all the relevant actions, equipment, store merchandise, lumber and the store clerk were under the exclusive control of the defendant.

Wherefore the Plaintiff demands that the Defendant pay him damages, legal fees, costa and disbursements and such other relief as the court deems just and proper.

Dated:

Woodruff Lee Carroll
The Galleries
441 South Salina St
Syracuse, N.Y. 13202